1  JAMES A. SARRAIL, ESQ. (SBN 43075)
   MONICA CASTILLO, ESQ. (SBN 146154)
2  SARRAIL, CASTILLO & HALL, LLP
   111 Anza Blvd., Suite 203
3  Burlingame, CA 94010
   Telephone:  (650) 685-9200
4  Facsimile:   (650) 685-9206

5  Attorneys for Plaintiff Richard Johnson

6

7

8                  UNITED STATES DISTRICT COURT

9           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 RICHARD JOHNSON,                        )  Case No.:  5:16-cv-4322
                                           )
12            Plaintiff,                    )  **COMPLAINT FOR PRELIMINARY AND**
                                           )  **PERMANENT INJUNCTIVE RELIEF**
13     vs.                                  )  **AND DAMAGES: DENIAL OF CIVIL**
                                           )  **RIGHTS AND ACCESS TO PUBLIC**
14                                          )  **FACILITIES TO PHYSICALLY**
   ADNAN MAGAÑA; SANTA CLARA               )  **DISABLED PERSONS, PER**
15 FOOD CENTER; OWNER OF 960 E.            )  **CALIFORNIA STATUTES (INCLUDING**
   SANTA CLARA STREET, SAN JOSE            )  **CIVIL CODE §§ 51, 52, 54, 54.1, 54.3,**
16 CALIFORNIA; and DOES 1-10,              )  **54.4 AND 55), INJUNCTIVE RELIEF**
   Inclusive,                              )  **PER TITLE III, AMERICANS WITH**
17                                          )  **DISABILITIES ACT OF 1990**
              Defendants.                   )
18 _____    **DEMAND FOR JURY TRIAL**

19

20

21     Plaintiff, RICHARD JOHNSON ("JOHNSON") complains of defendants ADNAN

22 MAGAÑA; SANTA CLARA FOOD CENTER; OWNER OF 960 E. SANTA CLARA STREET,

23 SAN JOSE CALIFORNIA and DOES 1-10, Inclusive, and each of them, and alleges as

24 follows:

25 **A. INTRODUCTION**

26     1. This case involves the denial of accessible public facilities to JOHNSON and other

27 disabled persons at the Santa Clara Food Center restaurant ("SC FOOD CENTER") located

28

1  at 960 E. Santa Clara St, San Jose, California 95116. JOHNSON, a qualified disabled
2  person, experienced numerous barriers to access as a result of the access violations at SC
3  FOOD CENTER, including but not limited to parking, entry, counters, signage, access
4  aisles, seating, doors, doorways, and bathrooms. JOHNSON has been a disabled individual
5  since an accident left him paraplegic in or about July 2009 and is a "person with a disability"
6  or a "physically handicapped person". JOHNSON uses a wheelchair when ambulating and
7  is unable to use portions of public facilities which are not accessible to disabled persons,
8  including those who use a wheelchair. JOHNSON was denied his rights to full and equal
9  access at these facilities, and was denied his civil rights under both California law and
10 federal law, because these facilities were not, and are not now, properly accessible to
11 physically disabled person, including those who use a wheelchair. JOHNSON seeks
12 injunctive relief to require defendants to make these facilities accessible to disabled persons
13 and to ensure that any disabled person who attempts to use SC FOOD CENTER will be
14 provided properly disabled-accessible facilities. JOHNSON also seeks recovery of damages
15 for his discriminatory experiences and denial of access and civil rights, which denial is
16 continuing as a result of defendants' failure and refusal to provide disabled-accessible
17 facilities. JOHNSON also seeks recovery of reasonable statutory attorney fees, litigation
18 expenses and costs.

19 **B. JURISDICTION**

20     2. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations
21 of the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. Pursuant to pendant
22 jurisdiction, attendant and related causes of action arising from the same facts are also
23 brought under California law, including but not limited to violations of California Government
24 Code §§4450 et seq, California Civil Code §§51, 52, 54, 54.1, 54.4 and 55; and Title 24
25 California Code of Regulations.

26 **C. VENUE**

27     3. Venue is proper in this court pursuant to 28 USC §1391(b)and is founded on the
28 fact that the real property which is the subject of this action is located in this district, that

---

**COMPLAINT**                                                                    2

1  JOHNSON resides in this district and that JOHNSON's causes of action arose in this
2  district.

3  **D. INTRADISTRICT**

4      4. This case should be assigned to the San Jose intradistrict as the real property
5  which is the subject of this action is located in this intradistrict and JOHNSON's causes of
6  action arose in this district.

7  **E. PARTIES**

8      5. Plaintiff, RICHARD JOHNSON, is a qualified physically disabled person who has
9  been disabled since an accident left him paraplegic in or about July 2009 and is a "person
10 with a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when
11 ambulating , and is a "disabled" person within the meaning of Civil Code §54 and §54.1.
12 Defendants, ADNAN MAGAÑA; SANTA CLARA FOOD CENTER; OWNER OF 960 E.
13 SANTA CLARA STREET, SAN JOSE CALIFORNIA; and DOES 1-10, Inclusive, are the
14 owners, subsidiaries, operators, lessors and lessees of the business property, buildings
15 and/or portions thereof known as Santa Clara Food Center restaurant ("SC FOOD
16 CENTER"), located at 960 E. Santa Clara Street, San Jose, California 95116. SC FOOD
17 CENTER is a "public accommodation" and "business establishment" subject to the
18 requirements of California Civil Code §§51 et seq and  §§54. SC FOOD CENTER, since
19 July 1, 1982, has undergone construction and/or "alterations, structural repairs, or
20 additions", subjecting such facility to disabled access requirements of California Title 24, the
21 State Building Code. Further, irrespective of the alteration history, such premises are
22 subject to the "readily achievable" barrier removal requirements of Title III of the Americans
23 with Disabilities Act of 1990.

24      6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are
25 unknown to JOHNSON, who therefore sues said defendants by such fictitious names.
26 JOHNSON is informed and believes and alleges thereon that each of the defendants herein
27 designated as "Doe" is legally responsible in some manner for the events and happenings
28 herein referred to and caused injury and damages proximately thereby to JOHNSON.

**COMPLAINT**                                                                                      3

1  JOHNSON prays leave of Court to amend this Complaint to show such true names and
2  capacities when the same have been ascertained.

3       7. Defendants ADNAN MAGAÑA; SANTA CLARA FOOD CENTER; OWNER OF 960
4  E. SANTA CLARA STREET, SAN JOSE CALIFORNIA; and Does 1 through 10, Inclusive,
5  are and were the owners, subsidiaries, operators, lessees and/or lessors of the subject
6  property and/or buildings at all times relevant to this Complaint. JOHNSON is informed and
7  believes and alleges thereon that each of the defendants herein is the agent, employee or
8  representative of each of the other defendants, and performed all acts and omissions stated
9  herein within the scope of such agency or employment or representative capacity and is
10 responsible in some manner for the acts and omissions of the other defendants in
11 proximately causing the damages complained of herein.

12

13                          **FIRST CAUSE OF ACTION**
                        **DENIAL OF FULL AND EQUAL ACCESS TO**
14                     **PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
                  **(California Govt. Code §4450 et seq; Civil Code §§54, 54.1 et seq)**
15
        8. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the
16
    factual allegations contained in Paragraphs 1 through 7, above, and incorporates them
17
    herein by reference as if separately plead hereafter.
18
        9. JOHNSON and other similarly situated physically disabled persons, including
19
    those who require the use of a wheelchair, are unable to use public facilities on a "full and
20
    equal" basis unless each such facility is in compliance with the provisions of California
21
    Government Code §4450 et seq. JOHNSON is a member of that portion of the public whose
22
    rights are protected by the provisions of California Government Code §4450 et seq. and
23
    Civil Code §§ 54 and 54.1.
24
        10. Government Code §4450 et seq were enacted "to ensure that all buildings,
25
    structures, sidewalks, curbs, and related facilities, constructed in this state by the use of
26
    state, county, or municipal funds, or the funds of any political subdivision of the state shall
27
    be accessible to and usable by persons with disabilities". On information and belief,
28

---

**COMPLAINT**                                                                          4

1  Government Code §4450 et seq apply to SC FOOD CENTER. Civil Code §54 provides
2  that:"Individuals with disabilities or medical conditions have the same right as the general
3  public to the full and free use of the streets, highways, sidewalks, walkways, public
4  buildings, medical facilities, including hospitals, clinics, and physicians' offices, public
5  facilities, and other public places. " Civil Code §54.1 provides that: "Individuals with
6  disabilities shall be entitled to full and equal access, as other members of the general
7  public, to accommodations..." The codes relating to such public accommodations also
8  require that "[w]hen sanitary facilities are made available for the public, clients or
9  employees....they shall be made available for persons with disabilities." Title 24, California
10 Code of Regulations, formerly known as the California Administrative Code, was in effect
11 at the time of each alteration which occurred at such public facility since July 1, 1982, thus
12 requiring access complying with the specifications of Title 24 whenever each such
13 "alteration, structural repair or addition" was carried out. Defendants and/or their
14 predecessors in interest carried out alterations, structural repairs or additions to the subject
15 building and its parking facilities during the period Title 24 has been in effect.

16     11. JOHNSON has been a disabled individual since an accident left him paraplegic
17 in or about July 2009. His first visit to SC FOOD CENTER was on or about November 20,
18 2015, when he wanted a meal, and his most recent visit was on or about January 16, 2016.
19 During each of his visits to SC FOOD CENTER, he has experienced numerous barriers to
20 access in violation of both federal and state access for disabled people laws, including but
21 not limited to the following:

22 •     JOHNSON experienced difficulties in the parking lot because:
23            •     there is no van parking for his vehicle, a side-loader van;
24            •     there is a lack of a disabled parking tow away sign;
25            •     the parking aisles are short;
26            •     there is a lack of a van parking sign;
27            •     there is a lack of a $250 tow-away sign; and
28            •     in order to reach the front door of the restaurant, he had to go around

1            the rear of the parked vehicles.

2 •   JOHNSON experienced difficulties in entering the business because:

3        •   of an entry that is too tight; and

4        •   the entrance door is difficult to open, heavy and fast-closing.

5 •   JOHNSON experienced difficulties inside the business because:

6        •   the counter height is too high;

7        •   the cashier's counter is too high;

8        •   table seating is tight and non-compliant or non-existent;

9        •   interior path of travel is non-existent/ too tight for a wheelchair user;

10          and,

11        •   no clear directional signage within the restaurant to the ADA bathroom.

12 •   JOHNSON experienced difficulties inside the bathroom because:

13        •   the door knob is not compliant and requires twisting;

14        •   the improper slope made it very difficult to enter the bathroom;

15        •   the toilet  cover dispenser is high and is blocked by the toilet;

16        •   the toilet flush handle is short and out of reach on the wrong side of

17          the toilet;

18        •   the rear and side grab bars are improperly located;

19        •   there is no transfer space next to the toilet due to a garbage can and

20          the paper towel dispenser;

21        •   the soap dispenser is too high and unreachable; and

22        •   here is no clear space at the door due to the improper slope.

23

24     JOHNSON was humiliated and embarrassed at not being able to properly use the

25 bathroom facilities, and in particular not be able to properly use the toilet, and suffered a

26 toilet-accident as a result. He was also very fearful when he had to traverse the area behind

27 parked cars to try to get to the entrance, as he has recently been hit by a car in a similar

28 parking area situation. These barriers have rendered SC FOOD CENTER and its premises

illegally inaccessible to and unuseable by physically disabled persons, including JOHNSON. All facilities must be brought into compliance with applicable federal and state statutory and regulatory requirements, according to proof.

12. Further, each and every violation of the Americans with Disabilities Act of 1990 (as pled in the Third Cause of Action below), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to, Civil Code §§54.3 and 55.

13. Further, each and every violation of the Americans with Disabilities Act of 1990 (as pled in the Third Cause of Action below), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to, Civil Code §§54.3 and 55.

14. JOHNSON seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein, which are continuing on a daily basis and which have wrongfully excluded JOHNSON and other similarly situated members of the public from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of JOHNSON in that these actions continue to treat JOHNSON as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with a disability who requires the use of a wheelchair for movement. JOHNSON is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and has been harmed as a result of trying to access the facilities and/or has been deterred and unable to access the facilities. JOHNSON alleges that he intends to return and purchase meals once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable harm and injury to JOHNSON if not enjoined by this court.

15. Whereas, JOHNSON asks this court to preliminarily and permanently enjoin any

---

**COMPLAINT**                                                                                           7

1  continuing refusal by defendants to grant full and equal access to JOHNSON in the respects
2  complained of and to require defendants to comply forewith with the applicable statutory
3  requirements relating to access for disabled persons. Such injunctive relief is provided by
4  California Government Code §4452 and California Civil Code §55, and other law.
5  JOHNSON further requests that the court award damages pursuant to Civil Code §54.3 and
6  other law and attorney fees, litigation expenses, and costs pursuant to Civil Code §54.3 and
7  455, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

8       16. As a result of the denial of equal access to these facilities, and due to the acts
9  and omissions of defendants and each of them in owning, subsidizing, operating, leasing,
10 constructing, altering and maintaining the subject facilities, JOHNSON suffered a violation
11 of his civil rights, including but not limited to, rights under Civil Code §§54 and 54.1, all to
12 his damages per Civil Code §54.3, including general, statutory and treble damages, as
13 hereinafter stated. Defendants' actions and omissions to act constitute discrimination
14 against JOHNSON on the sole basis that he was and is physically disabled and unable,
15 because of the architectural and other barriers created and/or maintained by the defendants
16 in violation of the subject laws, to use the public facilities on a full and equal basis as other
17 persons.

18      17. At all times herein mentioned, defendants knew, or in the exercise of reasonable
19 diligence should have known, that their barriers and practices at their subject facilities
20 violated disabled access requirements and standards and had a discriminatory affect upon
21 JOHNSON and upon other physically disabled persons, but defendants have failed and
22 refused to rectify these violations, and presently continue a course of conduct of failure to
23 remove architectural barriers that discriminate against JOHNSON and similarly situated
24 disabled persons.

25      18. As a result of defendants' acts, omissions and conduct, JOHNSON has been
26 required to incur attorney fees, litigation expenses and costs, in order to enforce his rights
27 and to enforce provisions of the law protecting access for disabled persons and prohibiting
28 discrimination against disabled persons. JOHNSON therefore seeks recovery of all

**COMPLAINT**                                                                                8

1   reasonable attorney fees and costs, pursuant to the provisions of California Civil Code
2   §§54.3 and 55. Additionally, JOHNSON's lawsuit is intended to require that defendants
3   make their facilities accessible to all disabled members of the public, justifying "public
4   interest" attorney fees and costs pursuant to the provisions of California Code of Civil
5   Procedure §1021.5 and other applicable law.

6       WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
7   stated.

8
                            **SECOND CAUSE OF ACTION**
9   **VIOLATION OF CALIFORNIA LAW: UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§51, 52,**
    **and AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §51(f)**
10

11      19. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the
12  factual allegations contained in Paragraphs 1 through 18, above, and incorporates them
13  herein by reference as if separately plead hereafter.

14      20. At all times relevant to this complaint, California Civil Code §51 has provided that
15  physically disabled persons are free and equal citizens of the state, regardless of medical
16  condition or disability.

17      21. California Civil Code §52 provides that discrimination by defendants against
18  JOHNSON on the basis of his disability constitutes a violation of the anti-discrimination
19  provision of §51 and 52.

20      22. Defendants' discrimination also constitutes a separate and distinct violation of
21  California Civil Code §52.

22      23. Any violation of the Americans with Disabilities Act of 1990 (as pled in the Third
23  Cause of Action) constitutes a violation of California Civil Code §51(f) thus independently
24  justifying an award of damages and injunctive relief pursuant to California law.

25      24. The acts and omissions of defendants as herein alleged constitute a denial of
26  access to and use of the described public facilities by physically disabled persons within the
27  meaning of California Civil Code §§51 and 52. As a proximate result of defendants' actions
28  and omissions, defendants have discriminated against JOHNSON in violation of California

---
**COMPLAINT**                                                                                    9

1 Civil Code §§51 and 52.

2     25. As a result of defendants' acts, omissions and conduct, JOHNSON has been
3 required to incur attorney fees, litigation expenses and costs as provided by statute, in order
4 to enforce his rights and to enforce provisions of the law protecting access for disabled
5 persons and prohibiting discrimination against disabled persons. JOHNSON therefore seeks
6 recovery of all reasonable attorney fees and costs, pursuant to the provisions of California
7 Civil Code §§51 and 52. Additionally, JOHNSON's lawsuit is intended to require that
8 defendants make their facilities accessible to all disabled members of the public, justifying
9 "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil
10 Procedure §1021.5 and other applicable law.

11     WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
12 stated.

**THIRD CAUSE OF ACTION**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990**
**42 U.S.C. §§12101 et seq**

16     26. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the
factual allegations contained in Paragraphs 1 through 25, above, and incorporates them
herein by reference as if separately plead hereafter.

    27. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress' stated
purpose, in relevant part, was to mandate a national prohibition of discrimination against
physically disabled persons and to provide standards to address the discrimination.

    28. As part of the ADA, Congress passed the definition of " Public Accommodation"
to include "...other sales or rental establishment" (42 U.S.C. §12181(7)(E).

    29. The ADA clearly states that "[n]o individual shall be discriminated against on the
basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,
advantages, or accommodations of any place of public accommodations by any person who
owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C.
§12182. The specific prohibitions against discrimination included, but were not limited to the

1 | following:

2 |     (a) §302(b)(1)(A)(ii): "It shall be discriminatory to afford an individual or class of
3 |     individuals, on the basis of a disability or disabilities of such individual or class,
4 |     directly, or through contractual, licensing, or other arrangements, with the opportunity
5 |     to participate in or benefit from a good, service, facility, privilege, advantage, or
6 |     accommodation that is not equal to that afforded to other individuals."

7 |     (b) §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices
8 |     or procedures when such modifications are necessary to afford such goods,
9 |     services, facilities, privileges, advantages or accommodations to individuals with
10 |     disabilities."

11 |     (c) §302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure
12 |     that no individual with a disability is excluded, denied service, segregated, or
13 |     otherwise treated differently than other individuals because of the absence of
14 |     auxiliary aids and services..."

15 |     (d) §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication
16 |     barriers that are structural in nature, in existing facilities...where such removal is
17 |     readily achievable;" and

18 |     (e) §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier
19 |     under clause (iv) is not readily achievable, a failure to make such goods, services,
20 |     facilities, privileges, advantages or accommodations available through alternative
21 |     methods if such methods are readily achievable."

22 | The acts and omissions of defendants set forth herein were in violation of
23 | JOHNSON's rights under the ADA and the regulations promulgated thereunder, 28 CFR
24 | Part 36 et seq.

25 |     30. The removal of each of the barriers complained of by JOHNSON as alleged
26 | above were at all times herein mentioned since January 26, 1992 "readily achievable" under
27 | the standards of §302 of the ADA. As noted above, removal of each and every one of the
28 | architectural barriers complained of herein were also required under California law. Further,

1 | on information and belief, alterations, structural repairs or additions since January 26, 1993,
2 | have also independently triggered requirement for removal of barriers to access for disabled
3 | persons per §303 of the ADA.

4 |     31. JOHNSON is informed and believes and alleges thereon that, as of the date of
5 | his encounter of the premises and as of the filing of this Complaint, the premises have
6 | denied and continue to deny full and equal access to JOHNSON and to other disabled
7 | persons in other respects which violate JOHNSON's rights to full and equal access and
8 | which discriminate against JOHNSON on the basis of his disability, thus wrongfully denying
9 | to JOHNSON the full and equal enjoyment of the goods, services, facilities, privileges,
10 | advantages and accommodations, in violation of §§302 and 303 of the ADA.

11 |     32. JOHNSON is informed and believes and alleges thereon that defendants have
12 | continued to violate the law and deny the rights of JOHNSON and other disabled persons
13 | access to SC FOOD CENTER since on or before JOHNSON's encounters, as previously
14 | noted. Pursuant to the ADA, §308, 42 U.S.C. 12188 et seq, JOHNSON is entitled to the
15 | remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C.
16 | 2000a-3(a), as JOHNSON is being subjected to discrimination on the basis of disability in
17 | violation of the ADA or has reasonable grounds for believing that he is about to be
18 | subjected to discrimination. Pursuant to §308(a)(2), "In cases of violations of
19 | §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to
20 | make such facilities readily accessible to and useable by individuals with disabilities to the
21 | extent required by this title."

22 |     33. JOHNSON seeks relief pursuant to remedies set forth in §204(a) of the Civil
23 | Rights Act of 1964, 42 U.S.C. 2000a-3(a), and pursuant to Federal Regulations adopted to
24 | implement the ADA. JOHNSON is a qualified disabled person for purposes of §308(a) of
25 | the ADA who is being subjected to discrimination on the basis of disability in violation of
26 | Title III and who has reasonable grounds for believing he will be subjected to such
27 | discrimination each time he attempts to use the facilities at SC FOOD CENTER.

28 |     WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter

**COMPLAINT**                                                12

1  stated.

2                                      **PRAYER**

3          JOHNSON prays that this court:

4          1. Issue a preliminary and permanent injunction directing defendants as current
5  owners, subsidiaries, operators, lessors, and/or lessees of the property and premises to
6  modify the above-described property and premises and related facilities so that each
7  provides full and equal access to all persons, including persons with physical disabilities
8  such as wheelchair users, and issue a preliminary and permanent injunction directing
9  defendants to provide facilities useable by JOHNSON and similarly situated persons with
10 disabilities, and which provide full and equal access, as required by law, including
11 appropriate changes in policy;

12         2. Retain jurisdiction over the defendants until such time as the court is satisfied that
13 defendants' unlawful policies, practices, acts and omissions, and maintenance of
14 inaccessible public facilities as complained of herein no longer occur and can not recur;

15         3. Award to JOHNSON all appropriate damages, including but not limited to statutory
16 damages, personal injury damages, general damages, and treble damages in an amount
17 within the jurisdiction of the court, all according to proof;

18         4. Award to JOHNSON all reasonable statutory attorney fees, litigation expenses,
19 and costs of this proceeding as provided by law;

20         5. Award prejudgement interest pursuant to California Civil Code §3291; and

21         6. Grant such other and further relief as this court may deem just and proper.

22 Dated: _____, 2016          SARRAIL, CASTILLO & HALL, LLP
23
24
                                          By:_____
25                                            Monica Castillo
                                              Attorneys for Plaintiff
26                                            RICHARD JOHNSON
   ///
27 ///
   ///
28 ///

   **COMPLAINT**                                                                    13

1  ///
   ///
2  ///
   ///
3  ///
   ///
4

5                          **DEMAND FOR JURY**

6       JOHNSON hereby demands a jury for all clams for which a jury is permitted.

7

8  Dated: _____7/29_____, 2016        SARRAIL, CASTILLO & HALL, LLP

9

10                                    By: _____

11                                         Monica Castillo
                                           Attorneys for Plaintiff
12                                         RICHARD JOHNSON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**                                                    14